# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID D. WISE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1677 |
| | ) | |
| v. | ) | |
| | ) | District Judge Fischer |
| WASHINGTON COUNTY, et al., | ) | Chief Magistrate Judge Lenihan |
| | ) | |
| Defendants. | ) | ECF No. 63 |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion for Partial Judgment on the Pleadings at ECF No. 63 be denied in part and granted in part. Defendants' Partial Motion for Judgment on the Pleadings should be granted as it relates to Plaintiff's claim for punitive damages against Washington County and against the individual Defendants in their official capacities. The Motion should be denied as it relates to Plaintiff's claim for punitive damages against the individual Defendants in their personal capacities. It should also be granted as it relates to the equal protection claim and any alleged conspiracy claim.

## II. REPORT

### A. Relevant Facts

Presently before the Court is the Motion for Partial Judgment on the Pleadings filed by Defendants Washington County ("the County"), Captain Michael King, C.O. Lehr, C.O. Kelly, Victoria Goroncy, Autumn Loughman, Luanne Rossi, and Jill Nixon (collectively "the individual

Defendants"). At issue in this Motion for Partial Judgment on the Pleadings are the claims filed by Plaintiff David D. Wise ("Plaintiff") pursuant to 42 U.S.C. § 1983 for punitive damages, a possible claim for conspiracy, and an equal protection claim. The caption of Plaintiff's Complaint at ECF No. 1 clearly reflects that he is suing the individual Defendants in both their personal and official capacities.

The Plaintiff's claims arise out of facts and circumstances surrounding his incarceration at the Washington County Correctional Facility ("WCCF") wherein he allegedly experienced multiple seizures. Plaintiff claims, inter alia, that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution in that they punished him for his involuntary behavior when experiencing a seizure, were aware that he had epilepsy, but were abusive and failed to treat Plaintiff during and after his multiple seizures.. Plaintiff also seeks punitive damages.

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment under Rule 12(c) will only be granted where, viewing all facts and reasonable inferences in the light most favorable to the non-moving party, the moving party has established that no material issue of fact remains and the movant is entitled to judgment as a matter of law. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988) (internal quotation marks and citations omitted). When considering such a motion, the court must accept all allegations in the complaint as true and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the nonmoving party. *DiCarlo v. St.*

*Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008). The court will not, however, accept unsupported conclusions. *Id.* at 263[1]

Here, the Defendants argue that they are entitled to partial judgment on the pleadings for the following reasons: 1) the actions brought against the individual Defendants in their official capacities are in essence claims against the county, and punitive damages are not recoverable against municipal defendants; therefore, Plaintiff's claims for punitive damages must be dismissed; 2) Plaintiff's claim for conspiracy pursuant to § 1983 must be dismissed because Plaintiff has failed to plead facts demonstrating an agreement; and 3) Plaintiff has failed to plead facts sufficient to make out a claim pursuant to the Equal Protection Clause.

Plaintiff responds that his punitive damages claim survives against the individual Defendants when their conduct is shown to be motivated by evil motive or intent; 2) Plaintiff contends that it did not intend to plead a conspiracy claim pursuant to § 1983; and 3) Plaintiff concedes that the facts as pled do not support an equal protection claim and he is relinquishing this claim.

### C. Analysis

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[1] The standard for deciding a motion for judgment on the pleadings is the same as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Spruill v.* Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004). The only difference is a procedural one where a Rule 12(c) motion is appropriate only after the pleadings are closed, and consequently, the court may review the answer filed in the case. *See* Fed. R. Civ. P. 12(c).

42 U.S.C. § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Defendants' first argument does not take into account that the individual Defendants are sued in both their personal and official capacities. The caption of the Complaint at ECF No. 1, however, clearly indicates Plaintiff's intention to do so. Plaintiff's action against the individual Defendants in their official capacities is really an action against the named entity because the individual defendants "assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). The law is clear that punitive damages may not be awarded to municipal defendants in a § 1983 suit. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, punitive damages are not recoverable against Defendant Washington County, and the individual Defendants in their official capacities. Punitive damages are available, if proved, against the individual Defendants in their personal capacities. Consequently, Defendants' Partial Motion for Judgment on the Pleadings should be granted as it relates to Plaintiff's claim for punitive damages against Washington County and against the individual Defendants in their official capacities. The Motion should be denied as it relates to Plaintiff's claim for punitive damages against the individual Defendants in their personal capacities.

As to Defendants arguments concerning conspiracy, Plaintiff concedes that he did not intend to state a claim for conspiracy pursuant to § 1983. Consequently, Defendants' Motion for Judgment on the Pleadings relating to any conspiracy claim should be granted.

As to Defendants final argument concerning the equal protection claim, Plaintiff concedes that he will no longer pursue the equal protection claim, and Defendants' Motion for Judgment on the Pleadings should be granted on this claim.

### III. CONCLUSION

For the above reasons, it is respectfully recommended that Defendants' Motion for Partial Judgment on the Pleadings at ECF No. 63 be denied in part and granted in part. Defendants' Partial Motion for Judgment on the Pleadings should be granted as it relates to Plaintiff's claim for punitive damages against Washington County and against the individual Defendants in their official capacities. The Motion should be denied as it relates to Plaintiff's claim for punitive damages against the individual Defendants in their personal capacities. It should also be granted as it relates to the equal protection claim and any alleged conspiracy claim.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: March 20, 2012	BY THE COURT:


s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge


cc:	All Counsel of Record
	Via Electronic Mail