**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID D. WISE, )<br><br>Plaintiff, )<br><br>vs. )<br>)<br>WASHINGTON COUNTY; CAPTAIN )<br>MICHAEL KING, individually and in his )<br>capacity as a Washington County Corrections )<br>Officer; C.O. MARK KELLY, individually )<br>and in his capacity as a Washington County )<br>Corrections Officer; VICTORIA GORONCY, )<br>individually and in her capacity as a )<br>Washington County Corrections Nurse; and )<br>LAVERNE ROSSI, individually and in her )<br>capacity as a Washington County Corrections )<br>Nurse; )<br>)<br>Defendants. ) | Civil Action No. 10-1677<br>Judge Nora Barry Fischer |

**<u>MEMORANDUM ORDER</u>**

**I.    BACKGROUND**

This is a § 1983 case brought by Plaintiff David Wise. Mr. Wise was deposed during discovery on February 21, 2012. (Docket No. 81-5).[1] A jury trial is now scheduled to commence on April 7, 2014. (Docket No. 182).

By way of background, the trial was previously set for December 9, 2013.[2] (Docket No.

---

[1] The deposition of David Wise, conducted on February 21, 2012, is herein referred to as "Dep. at ___."

[2] In fact, this case has now been set for trial three times. Trial was originally scheduled to commence on July 10, 2013. (Docket No. 111). Following a Pretrial Conference on June 26, 2013, (Docket No. 144), the Court rescheduled trial to commence on December 9, 2013 in light of additional pretrial motions. (Docket No. 145). Then, as detailed in this Memorandum Order, jury selection was further delayed to April 7, 2014 in light of Mr. Wise's medical issues. (Docket No. 182).

Additionally, on February 14, 2014. the Court was provided with Mr. Wise's medical records for *in camera* review, which documented at least three hospital admissions since his release from Washington

145). On December 5, 2013, the Court conducted a Telephonic Status Conference to address the parties' disputes regarding joint exhibits. (Docket No. 176). At this Conference, Plaintiff's counsel informed the Court and the Defendants that Mr. Wise had suffered a seizure earlier that week, and remained in critical care. (*Id.*). Additionally, Plaintiff's counsel suggested that trial proceed as scheduled on December 9, 2013, and that the videotape of Plaintiff's February 21, 2012 deposition be used in lieu of live testimony. (*Id.*). That same day, Defendants filed their "Objections to Allow Trial to Proceed Without the Presence of David Wise." (Docket No. 177).

At a Pretrial Status Conference held on December 6, 2013, the Court heard argument on Defendants' Objections. (Docket No. 180). Briefly, Defendants argued that trial should be continued, rather than conducted in Mr. Wise's absence, in light of: (1) the general preference for live testimony; (2) the potential prejudice Defendants might face if jurors speculate as to the reason for Mr. Wise's absence from trial; and (3) the fact that Defendants obtained evidence after Mr. Wise's February 21, 2012 deposition, which Defendants may have otherwise used for cross-examination purposes. (Docket Nos. 177; 180).

The Court subsequently sustained Defendants' Objections and ordered as follows with respect to the use of Mr. Wise's deposition testimony at trial:

> IT IS HEREBY ORDERED that . . . trial is continued to April 2014 for good cause shown, pending the assurances from David Wise's medical providers that he will be able to physically appear and testify and that Mr. Wise can withstand the stresses associated with a trial that may take multiple trial days. Should such medical assurances not be forthcoming, the Court orders that the Plaintiff submit to a video deposition specifically geared for use at trial, a deposition that would mimic his testimony with his counsel conducting direct examination and Defendants conducting cross-

---

County Correctional Facility. These records reference Mr. Wise's intractable seizure disorder and treatment for same, all of which has caused the Court to question whether Mr. Wise will be able to attend and participate in trial.

examination. Said deposition should be conducted in a time to be
ordered by the Court.

\*\*\*

If Mr. Wise's health improves to the extent that his appearance and
testimony at trial are medically cleared, the Court and Defendants
shall be notified in a timely manner and the trial will move forward
in April. In that event, the previously described trial deposition,
(i.e. the transcript and video) shall be impounded by the Court and
will not be used at said trial for any purpose. However, this Order
shall not prelude the discovery deposition of Mr. Wise taken on
February 21, 2012, to be used at trial, as set forth in the Rules of
Civil Procedure, once argument and hearing on any objections
occurs and rulings have been issued.

(Docket No. 181). In accordance with this Order, counsel filed a Joint Report containing the

parties' additional objections to certain portions of the February 21, 2012 deposition, based on

the potential that the deposition may be introduced at trial. (Docket No. 185).[3] The Court now

turns to these objections, given the upcoming trial date.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 32 governs the use of depositions during trial:

**(a) Using Depositions.**
(1) *In General.* At a hearing or trial, all or part of a deposition may
be used against a party on these conditions:
   (A) the party was present or represented at the taking of the
   deposition or had reasonable notice of it;
   (B) it is used to the extent it would be admissible under the
   Federal Rules of Evidence if the deponent were present and
   testifying; and
   (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1).

Therefore, the deposition of Mr. Wise may be admitted to the extent that portions of the

---

[3] This Joint Report identifies both the video timestamp and the corresponding page:line range for
the deposition content.

deposition are admissible under the Federal Rules of Evidence.[4] FED. R. CIV. P. 32(a)(1)(B). Additionally, pursuant to subsection (a)(2), Mr. Wise's deposition may be used for impeachment purposes in the event that he does appear and testify at trial. FED. R. CIV. P. 32(a)(2) ("Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."). Finally, in the event that Mr. Wise is not able to attend trial because of his health issues, the Court has discretion to find that he cannot attend because of illness or infirmity, with the effect that his deposition may be used for any purpose. FED. R. CIV. P. 32(a)(4)(C).

When a deposition is used at trial pursuant to Rule 32(a), parties may make objections to portions of the deposition's admissibility. FED. R. CIV. P. 32(b). Accordingly, parties are not limited to the objections raised during the deposition. *Id. See also* 8A Wright & Miller, *Federal Practice and Procedure* § 2151, 671–72 (3d ed. 2010). The trial court must determine, pursuant to the Federal Rules of Evidence, what portions of the deposition are admissible, applying the same rules as if the deponent was actually testifying live, during the trial. *Id.*

Given that Mr. Wise's deposition may be introduced during trial—either in lieu of live testimony or to impeach him on cross-examination—the Court will now rule on objections to the admissibility of any deposition testimony prior to trial. FED. R. CIV. P. 32(b). As noted, the Court must rule just as if the deposition testimony was given during trial. *Id.*

## III. DISCUSSION / ORDERS

1. **<u>Discussion Relating to the Deposition Proceedings.</u>** During the course of the deposition, which spanned several hours, the parties took several breaks and held discussions off

---

[4] *See also* MODEL CIV. JURY INSTR. 3rd Cir. § 2.5 (2011). ("Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.").

the record. (Dep., *passim*). Statements by the videographer and counsel relating to these breaks and the procedure of the deposition are not admissible at trial. *See Compton v. Torch, Inc.*, No. 99-0549, 2000 WL 622604, *5–6 (E.D. La. 2000).

IT IS HEREBY ORDERED that the following lines be deleted from the deposition transcript:

    a.  Page 5, lines 3–18;

    b.  Page 30, line 24 through page 31, line 4;

    c.  Page 69, lines 1–13;

    d.   Page 82, lines 3–17;

    e.  Page 196, line 21 through page 197, line 2;

    f.  Page 229, lines 13–24; and

    g.  Page 239, lines 8–14.

2. **Withdrawn Objections.** In the parties' Joint Report, Plaintiff withdraws several objections made during the course of Mr. Wise's deposition and requests that the portions of the deposition containing his stated objections be removed. (Docket No. 185 at 1; Dep. at 13:22–24, 32:3–4, 51:21–22, 62:11–12, 72:5–6, 72:15–16, 104:1, 113:19–24, 122:14–15). Accordingly, and consistent with Plaintiff's averments in the Joint Report,

IT IS HEREBY ORDERED that the following objections made during the deposition are OVERRULED as moot, and shall be deleted from the deposition:

    a.  Page 13, lines 22–23;

    b.  Page 32, lines 3–4;

    c.  Page 51, lines 21–22;

    d.  Page 62, lines 11–12;

      e.  Page 72, lines 5–6, 15–16;

      f.  Page 104, line 1;

      g.  Page 113, lines 19–24; and

      h.  Page 122, lines 14–15.

3.  Plaintiff indicates in the Joint Report that he withdraws his objections at page 36, lines 8–18. (Docket No. 185 at 1; Dep. at 36:8–18). However, in the Court's review of the deposition, lines 12–13 contain Mr. Wise's answer. Additionally, lines 14–16 contain a question by Mr. Joyal.

IT IS HEREBY ORDERED that Plaintiff's objections made at page 36, lines 8–9 and 17–18 are OVERRULED as moot, and the following lines shall be deleted:

      a.  Page 36, lines 8–11, 17–18.

4.  **<u>Objections to Discussions of Former Defendants.</u>** In the Joint Report, Plaintiff objects to discussions of former named Defendants Autumn Loughman, Jill Nixon, and C.O. Leer, arguing that the portions of the deposition transcript discussing these individuals are irrelevant, in that these individuals are no longer Defendants. (Docket No. 185; Dep. at 6:11–6:21, 6:22–7:6, 7:21–7:23, 9:10–10:25, 37:18–38:20, 73:13–78:21). Defendants argue that these portions of the deposition should not be extracted because they are relevant to Plaintiff's credibility and ability to remember events. (*Id.*). The Court agrees with Defendants. *See In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.*, MDL 2056, 2012 WL 2974680, *12 (W.D. Pa. July 20, 2012) (Conti, J.) (discussing use of deposition testimony to impeach a witness's credibility and recollection).

IT IS HEREBY ORDERED that Plaintiff's objections as to the following lines are

OVERRULED, and that the following portions of the transcript, which contain improper[5] statements by Plaintiff's counsel shall be deleted from the deposition transcript:

    a. Page 10, lines 4–6, 15–22

    b. Page 37, lines 21–22;

    c. Page 38, lines 8–9; and

    d. Page 73, line 14 through page 74, line 11.

5. **References to Substance Abuse.** In the Joint Report, Plaintiff objects to several portions of the deposition that discuss Plaintiff's alleged use of marijuana and alcohol. (Docket No. 185 at 2; Dep. at 22:13–23:6, 25:20–29:13, 30:11–30:17). Defendants argue that some of these deposition segments should remain included because they are relevant for impeachment. (Docket No. 185 at 2). Consistent with this Court's ruling at the Pretrial Conference on June 13, 2013 (Docket No. 116), evidence of drug and alcohol use are inadmissible at trial—not because they are irrelevant—but because such references are properly excluded pursuant to Rule 403(b). FED. R. EVID. 403(b).[6] With respect to relevance, Defendant's statements during the deposition that relate to drug and/or alcohol use are potentially relevant for impeachment purposes. *Enterprise*, 2012 WL 2974680, at *12. Nevertheless, the Court finds references to illegal drug use are unduly prejudicial and risk confusing the issues; therefore, they are inadmissible pursuant to Rule 403. *See E.E.O.C. v. Smokin' Joe's Tobacco Shop, Inc.*, Civ. No. 06-1758, 2007 WL 2461745, *2–3 (E.D. Pa. Aug. 22, 2007).

    IT IS HEREBY ORDERED that Plaintiff's objections as to relevance are OVERRULED.

---

[5] *See infra* ¶ 22.

[6] Rule 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The Court further ORDERS that because references to Plaintiff's illegal drug use are inadmissible under Rule 403, the following lines be deleted from the deposition transcript:

    a. Page 22, line 13 through page 23, line 6;

    b. Page 25, line 20 through page 29, line 13; and

    c. Page 30, the portions of lines 11–13 in which Plaintiff states: "And there wasn't none of them drugs in my system or that alcohol. That's all irrelevant."

6. **Objections to Relevance.** In the Joint Report, Plaintiff objects to including a statement he made at page 22, lines 6–7 regarding a 2005 accident that is contained in Plaintiff's medical records. (Docket No. 185 at 2; Dep. at 22:6–22:7). Defendants argue that this portion of Mr. Wise's deposition is relevant to show bias of Plaintiff and possibly Dr. Tobin. (Docket No. 185 at 2). The Court agrees with Defendants and finds that this statement is relevant to the credibility of Plaintiff and Dr. Tobin. *Enterprise*, 2012 WL 2974680, at *12. Therefore,

IT IS HEREBY ORDERED that Plaintiff's objection to page 22, lines 6–7 is OVERRULED.

7. Plaintiff objects to a discussion of a wedding in May 2005 and whether Plaintiff drank alcohol at this event, which occurs on page 67, line 12 through page 68, line 5. (Docket No. 185 at 3; Dep. at 67:12–68:5). Plaintiff argues that this discussion is irrelevant and the questioning is argumentative, while Defendants assert that Plaintiff's statements during this discussion may be relevant for impeachment. (Docket No. 185 at 3). Defendants further request that ruling be deferred until it is ascertained whether this testimony contradicts other admissible statements Plaintiff has made. (*Id.*).

The Court initially notes that although this portion of the deposition discusses alcohol, it does not implicate the Rule 403 issues addressed previously in relation to portions of the

deposition that go into Plaintiff's alleged marijuana use.[7] The Court agrees with Defendants that this portion of the deposition may be relevant for impeachment purposes. *In re Enterprise*, 2012 WL 2974680, at *12. The Court will, therefore, defer ruling on this objection. *See* FED. R. CIV. P. 32(b) (permitting the Court to rule on objections at trial).

IT IS HEREBY ORDERED that ruling on Plaintiff's objection to page 67, line 12 through page 68, line 5 is DEFERRED.

8. Plaintiff objects to a discussion on pages 73 and 74 of the deposition regarding the car accident for which Plaintiff was incarcerated, on the grounds that this discussion is irrelevant and unfairly prejudicial. (Docket No. 185 at 4, Dep. at 73:3–74:11). Upon the Court's review of the deposition, most of the portion to which Plaintiff objects contains discussion between counsel.

IT IS HEREBY ORDERED that, to the extent Mr. Wise testified in response to Mr. Joyal's question, Plaintiff's objection is OVERRULED,[8] in that Plaintiff's testimony may be used for impeachment purposes. *In re Enterprise*, 2012 WL 2974680, at *12.

IT IS FURTHER ORDERED that the following lines, containing Plaintiff's objection and the subsequent discussion between counsel, be removed from the deposition transcript:

    a. Page 73, lines 5, 9–10; and

    b. Page 73, line 14 through page 74, line 11.

9. Plaintiff objects to the discussion from page 177, line 8 through page 178, line 18, arguing that the questions were previously asked and answered. (Docket No. 185 at 5, Dep. at 177:11–178:18). Defendants disagree with the objection, but raise their own objection to the

---

[7] *See supra* ¶ 5.
[8] The Court is mindful that Plaintiff recently filed a Motion *in Limine* to exclude references to Plaintiff's criminal record. (Docket No. 205). Defendants' Response is due by March 10, 2014. The Court's ruling on this pending Motion (Docket No. 205) may modify the Court's present ruling on Plaintiff's objection to Mr. Wise's February 21, 2012 deposition at 73:3–74:11.

relevance of page 177, lines 3–4, which contain a clarifying statement by Mr. Fisher. (Docket No. 185 at 5). Questions that have previously been asked and answered are "commonly sustained to (1) prevent opposing counsel from harassing the witness and (2) prevent cumulative presentation of evidence." *Flickinger v. Toys R Us-Delaware, Inc.*, 492 F. App'x 217, 225 (3d Cir. 2012) (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir.1995)).

Based on the Court's review of the deposition transcript,

IT IS HEREBY ORDERED that Plaintiff's objection is OVERRULED, in part, and SUSTAINED, in part. Specifically, the objection is sustained with respect to page 178, lines 8–18, and otherwise overruled. However, the Court further orders that 177:3–4 and 177:14–25, which contain only statements by counsel, should be deleted—not because they are asked-and-answered—but because statements by counsel are not evidence, and therefore inadmissible. Accordingly,

IT IS FURTHER ORDERED that the following lines should be deleted from the deposition transcript:

    a.  Page 177, lines 3–4, 14–25; and

    b.  Page 178, lines 8–18.

10. Plaintiff objects to the questioning from page 180, line 22 through 182, line 3, arguing that this line of inquiry is irrelevant because it pertains to a dismissed claim. (Docket No. 185 at 5, Dep. at 180:22–182:3). Defendant agrees that the question related to the equal protection claim is irrelevant and should be stricken, but otherwise argues that the testimony is relevant to show bias and/or credibility. (Docket No. 185 at 5). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." FED. R.

EVID. 401(a). The Court notes that Plaintiff's equal protection claim was dismissed, and so testimony strictly related to that claim is no longer relevant. (Docket Nos. 74; 77). However, the Court agrees with Defendants that the questions and responses at page 180, line 22 through page 181, line 1 may still be relevant to show bias or for impeachment purposes. *In re Enterprise*, 2012 WL 2974680, at *12. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's objection is OVERRULED with respect to 180:22–181:1, and SUSTAINED, with respect to page 181:2–182:3; and the following lines shall be deleted from the transcript:

    a.  Page 181, line 2 through page 182, line 3.

11. **Objections that Questioning Calls for Legal Conclusions.** Plaintiff objects to page 182, line 5 through page 183, line 15, contending that the questions call for legal conclusions regarding "policy, practice, or custom." (Docket No, 185 at 5, Dep. at 182:5–183:15). Defendants argue that the questions are simply probing Mr. Wise's knowledge of the evidence, rather than legal conclusions. (Docket No. 185 at 5). The disputed questions ask Mr. Wise whether he has knowledge or is able to testify "that Washington County had a policy or practice or custom not to provide medical care to its inmates," and whether anyone has ever told him that such a policy exists. (Dep. at 182:5–9, 182:21–23). At Count One of his Amended Complaint, Plaintiff alleges that Washington County violated his civil rights because the County's "custom or policy" caused the individual Defendants to be "[im]properly supervised/trained in the handling of inmates with epilepsy and in the manner they conducted themselves." (Docket No. 29 at 7, ¶¶ 24–26). To establish Washington County's liability, Plaintiff must put into evidence a policy or custom that may fairly be said to represent official policy, such that the municipality deliberately chose not to take reasonable steps to address a substantial risk of serious harm to an

inmate. *Gallo v. Washington Cnty.*, 363 F. App'x 171, 173 (3d Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *City of Canton v. Harris*, 489 U.S. 378, 389–90 (1989)). The questioning on page 182, therefore, relates to issues in this case. Generally, however, testimony is "not objectionable just because it embraces an ultimate issue." FED. R. EVID. 704(a). Here, the questions merely elicited testimony about Plaintiff's knowledge with regard to his claims.

In light of the above discussion,

IT IS HEREBY ORDERED that Plaintiff's objection at page 182, line 5 through page 183, line 15 is OVERRULED. The following portions of the transcript should be deleted because they contain Plaintiff's objections and discussion between counsel regarding said objections:

    a. Page 182, lines 10–19; and

    b. Page 182, line 25 through page 183, line 15.

12. Plaintiff objects to page 187, line 10 through page 188, line 2, similarly arguing that the questions call for legal conclusions regarding the burden of proof in this case. (Docket No. 185 at 5–6; Dep. at 187:10–188:2). Additionally, Plaintiff contends that the questioning is argumentative. (Docket No. 185 at 5–6). Defendants respond that no objection was raised during the course of the deposition to this portion of the interrogation, but otherwise agree that page 187, lines 18–19 should be stricken. (*Id.*). Initially, the Court disagrees with Plaintiff's argument that the questions improperly call for legal conclusions because they probe Mr. Wise's knowledge about the applicable burden of proving his allegations. Next, the Court agrees that Plaintiff's objections to the questions as argumentative are untimely; no objection was made during the deposition. "A party waives any objection, whether to the form of questions or answers or to other errors that might be obviated, removed, or cured if promptly presented, by

12

failing to note the objection at the taking of the deposition." Wright & Miller, "Conduct of Examination," 8A *Fed. Prac. & Proc. Civ.* § 2113 (3d ed.); FED. R. CIV. P. 32(d)(3)(B).

IT IS HEREBY ORDERED that Plaintiff's objection to page 187, line 10 through page 188, line 2 is OVERRULED. The following line, which contains a statement by Mr. Fisher in response to Mr. Joyal's question,[9] shall be deleted:

    a. Page 187, lines 18–19.

13. Plaintiff objects to page 188, line 7 through page 196, line 20, asserting that this portion of the deposition contains an irrelevant discussion of a work release program. (Docket No. 185 at 6; Dep. at 188:7–196:20). Defendants respond that the testimony is relevant because it relates to several paragraphs in the Amended Complaint, and Mr. Wise's statements are further relevant for impeachment purposes. (Docket No. 185 at 6). After reviewing the deposition in conjunction with the Amended Complaint, the Court finds that this testimony is relevant. As Defendant points out, the Amended Complaint includes multiple averments relating to work release, including that Defendant King "denied [Mr.] Wise work release and other rights to which Wise was otherwise entitled," and that the Defendants' violations caused Plaintiff to lose income because he was denied work release. (Docket No. 29 at ¶¶ 17, 22, 39, 44). Moreover, Mr. Wise's testimony about the work release program is admissible for impeachment purposes. *Enterprise*, 2012 WL 2974680, at *12.

As such,

IT IS HEREBY ORDERED that Plaintiffs' objections at page 188, line 7 through page 196, line 20 are OVERRULED. However, the following lines shall be deleted from this portion

---

[9] *See infra* ¶ 22.

of the transcript because they contain improper[10] statements by Mr. Fisher and discussion between counsel, which are inadmissible:

   a.   Page 190, lines 2, 16;

   b.   Page 193, line 25;

   c.   Page 195, lines 11–14, 18–22;

   d.   Page 195, line 24 through page 196, line 20.

14. **Objections to Irrelevant Discussions Among Counsel.** In the Joint Report, both parties object to portions of the deposition that contain discussion among counsel. (Docket No. 185 at 4–6; Dep. at 8:7–9:8, 42:3–43:7, 111:17–113:1, 127:6–127:22, 152:19–155:7, 160:24–161:10, 161:11–162:22, 164:18–166:25, 167:1–169:3, 169:12–170:15, 224:13–225:7, 235:4–236:3, 229:13–229:24, 236:14–236:22). As the Court further explains below, in its discussion of *Hall v. Clifton Precision*,[11] attorneys in a deposition should conduct themselves as they would at trial. 150 F.R.D. 525 (E.D. Pa. 1993). Statements made by counsel are not evidence; therefore, they should be deleted from the deposition transcript. FED. R. CIV. P. 32.

   IT IS HEREBY ORDERED that Plaintiff's objections to the following portions of the deposition are SUSTAINED. The following lines shall be deleted from the deposition transcript:

   a.   Page 8, line 7 through page 9, line 8;

   b.   Page 42, line 6 through page 43, line 7;

   c.   Page 111, line 16 through page 113, line 1;

   d.   Page 127, lines 6–22;

   e.   Page 152, line 19 through page 153, line 18;

---

[10] *See infra* ¶ 21.
[11] *See infra* ¶ 22.

f.  Page 153, line 20 through page 155, line 7;

g.  Page 160, line 24 through page 161, line 8;

h.  Page 162, lines 1–22;

i.  Page 164, line 22 through page 166, line 25;

j.  Page 167, line 6 through page 168, line 5;

k.  Page 168, lines 13–14;

l.  Page 169, lines 1–2;

m.  Page 169, line 16 through page 170, line 15;

n.  Page 224, line 13 through page 225, line 7;

o.  Page 229, lines 13–24;

p.  Page 235, line 4 through page 236, line 3; and

q.  Page 236, lines 14–22.

Plaintiff's objections are otherwise OVERRULED.

15. **Objections Based on Attorney–Client Privilege.** Plaintiff's counsel made multiple objections during the deposition based on attorney–client privilege, many of which he renewed in the Joint Report. (Docket No. 185 at 3–5, Dep. at 57:2–57:13, 58:10–59:25, 172:25–174:5, 176:19–176:22). Questions that invade the privacy of communications between attorney and client are impermissible during a deposition, FED. R. CIV. P. 30(c)(30), or at trial. *See In re Processed Egg Products Antitrust Litig.*, 278 F.R.D. 112, 117 (E.D. Pa. 2011) (citing *United States v. Amerada Hess Corp.*, 619 F.2d 980, 986 (3d Cir. 1980)).

The Court ORDERS that the following objections are therefore SUSTAINED, and accordingly, the questions and objections—neither of which constitute evidence, MODEL CIV. JURY INSTR. 3rd Cir. § 1.5 (2011), shall be deleted from the transcript:

15

  a. Page 57, lines 2–13, 20–24;

  b. Page 58, line 10 through page 59, line 25;

  c. Page 173, line 11 through page 174, line 5; and

  d. Page 176, lines 19–22.

16. In the Joint Report, Plaintiff also objects to questioning on pages 116 and 117 on grounds of attorney–client privilege. (Docket No. 185 at 4; Dep. at 116:17–117:12). In the Court's review of these objections, however, the questioning at issue requested yes or no responses, and did not invade the province of protected attorney–client communications. *In re Processed Egg Products*, 278 F.R.D at 117.

The Court ORDERS that the following objections are therefore OVERRULED, and accordingly, the objections, which do not constitute evidence, MODEL CIV. JURY INSTR. 3rd Cir. § 1.5 (2011), shall be deleted from the transcript:

  a. Page 116, lines 20–23; and

  b. Page 117, lines 1, 7–8, 11–12.

17. **<u>Objections to Form.</u>** At several points during the deposition, Plaintiff objected to the form of the question posed but did not further specify his arguments as to why the form was improper in his objections, and Mr. Wise testified in response. Objections to form must sufficiently explain the objection so that the interrogator is able to revise the question and avoid the problem. 8A *Federal Practice and Procedure* § 2156, 681.

Therefore, the Court ORDERS that Plaintiff's objections are OVERRULED, and that the following lines, which contain the stated objections, be deleted from the deposition transcript:

  a. Page 66, lines 23–24;

  b. Page 104, line 1;

    c.  Page 110, line 3;

    d.  Page 116, lines 20–21;

    e.  Page 203, line 12;

    f.  Page 209, lines 10–11; and

    g.  Page 220, line 2.

18. During the deposition, Plaintiff objected at page 133, line 11, asserting that Defendant's question contradicted Plaintiff's prior testimony. (Dep. at 133:11–13). The Court's review of the transcript, however, shows that the question did not incorporate facts in contradiction to prior testimony. (*Id.*).

The Court ORDERS that Plaintiff's objection is OVERRULED, and that the following lines be deleted from the deposition transcript:

    a.  Page 133, lines 11–18.

19. **<u>Stricken Statements.</u>** Statements made by counsel that were struck on the record shall be omitted from the deposition. Therefore, the Court ORDERS the following line be deleted from the deposition transcript:

    a.  Page 40, line 22.

20. **<u>Unanswered Questions.</u>** At several points during the deposition, counsel asked a question, to which Mr. Wise did not respond. Statements made by counsel—including questions and objections—do not constitute evidence. *See* Model Civ. Jury Instr. 3rd Cir. § 1.5 (2011).

Accordingly, the Court ORDERS that the following lines be deleted from the transcript:

    a.  Page 10, lines 13–14;

    b.  Page 13, lines 17–21;

    c.  Page 20, lines 11–14;

    d.   Page 56, lines 16–18;

    e.   Page 61, line 25;

    f.   Page 62, line 10;

    g.   Page 72, lines 12–14;

    h.   Page 84, lines 6–7;

    i.   Page 106, lines 19–20;

    j.   Page 113, lines 16–18;

    k.   Page 117, lines 2–6, 9–10, 13–16;

    l.   Page 123, line 23;

    m.   Page 146, lines 6–7;

    n.   Page 164, lines 22–23;

    o.   Page 183, lines 23–25;

    p.   Page 198, lines 17–19; and

    q.   Page 202, lines 17–18.

21. **Conferences.** In the Joint Report, Plaintiff objects to a discussion between counsel regarding the propriety of asking a deponent what he discussed with his lawyer during lunch. (Docket No. 185 at 4, Dep. at 69:15–71:10). A review of the deposition transcript shows that after the parties returned from their lunch break, Mr. Joyal asked Mr. Wise: "Mr. Wise, during the break we had, did you and Mr. Fisher confer?" (Dep. at 69:15–16). Mr. Wise responded: "Yeah, he had lunch." (*Id.* at 69:18). Beyond this answer, however, counsel held a side discussion as to whether such questioning is appropriate. (*Id.* at 69:17–71:11).

Once a deposition has commenced, an attorney is not permitted to confer privately with the witness, unless the sole purpose of the conference was to determine whether to assert a

privilege. *Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 535 (M.D. Pa. 2002) ("[A]ny such conference is not covered by the attorney-client privilege and that the deposing attorney is therefore entitled to inquire about the content thereof.") (citing *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)).

For these reasons, the Court ORDERS that Plaintiff's objections are OVERRULED. However, because the discussion between counsel does not represent evidence, the Court FURTHER ORDERS that the following lines be deleted:

    a. Page 69, line 17; and

    b. Page 69, line 19 through page 71, line 11.

22. **Coaching, Speaking Objections, and Discussions Between Counsel.** The deposition also contains many examples of counsel coaching Mr. Wise,[12] instructing him as to whether or not he should answer,[13] telling him to answer if he is able,[14] interpreting opposing counsel's questions,[15] and supplying or clarifying Mr. Wise's answers.[16]

Judge Gawthrop's opinion in *Hall v. Clifton Precision*,[17] provides the legal standards for

---

[12] *See, e.g.*, Dep. at 67:23–68:1

    [MR. JOYAL]: All right. So now we know that Dr. Tripoli lied under oath.
    MR FISHER: Was mistaken.
    [PLAINTIFF]: Was mistaken.

[13] The Court points out that Rule 30 permits an attorney to advise his client not to answer a question during a deposition when attorney–client privilege is implicated. FED. R. CIV. P. 30(c)(3).

[14] *See, e.g.*, Dep. at 8:7–8 ("MR. FISHER: To the best that you can recall, David.").

[15] *See, e.g.*, *id.* at 117:17–18 ("MR. FISHER: Do you mean as a result of it? He was hospitalized on the 15th of July. That would be after it.").

[16] *See, e.g.*, *id.* at 60:20–22 ("MR. FISHER: Just so we're not twisting his testimony, he did testify earlier that he obtained records from Dr. Tobin himself.").

[17] As the Court discussed during the December 13, 2013 Pretrial Conference, *Hall* remains good law. (Docket No. 186). *See also* Thomas G. Wilkerson, Jr. & Jordan Fox, "Encouraging Civility During Depositions: The Enduring Impact of *Hall v. Clifton Precision*," *Pa. Bar Assoc. Quarterly* 104 (July

attorney conduct during an oral deposition. *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993). With respect to coaching, *Hall* explains that given that the purpose of a deposition is to ascertain a witness's testimony, "[t]here is no proper need for the witness's own lawyer to act as an intermediary." *Id.* at 528. "Once a witness has been prepared and has taken the stand, that witness is on his or her own." *Id.* On-the-record witness-coaching is prohibited; just as the Federal Rules of Evidence do not permit a lawyer to interrupt trial testimony to make a statement, "[s]uch behavior should likewise be prohibited at depositions, since it tends to obstruct the taking of the witness's testimony. It should go without saying that lawyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question." *Id.* at 530–31. Statements made by counsel—including questions and objections—do not constitute evidence and therefore should be struck from the deposition transcript. *See* Model Civ. Jury Instr. 3rd Cir. § 1.5 (2011). *See also Bockelman v. BNSF Ry. Co.*, Civ. No. 10-1001, 2011 WL 5180382, *3 (C.D. Ill. Oct. 28, 2011).

Given this precedent,

IT IS HEREBY ORDERED that all portions of the deposition in which counsel interrupted the question-and-answer process to have discussions between themselves, to comment on the deposition, or to coach Mr. Wise, shall be removed from the deposition transcript, including the following lines:

  a.  Page 6, lines 2–3;

  b.  Page 7, lines 5–6;

  c.  Page 13, line 24;

2013).

d.      Page 17, line 19 through page 18, line 1;

e.      Page 20, lines 15–16 and 20;

f.      Page 21, lines 4–6;

g.      Page 23, lines 1–5;

h.      Page 30, lines 18–21;

i.      Page 36, lines 10–11, 19–23;

j.      Page 41, lines 2–7 and 20–21;

k.      Page 45, lines 5–6;

l.      Page 60, lines 4–7;

m.      Page 60, line 20 through page 61, line 1;

n.      Page 62, lines 1–9;

o.      Page 67, line 25 through page 68, line 6;

p.      Page 80, line 20 through page 81, line 12;

q.      Page 83, lines 9–10;

r.      Page 84, lines 8–11;

s.      Page 87, line 21 through page 88, line 10;

t.      Page 90, lines 9–12;

u.      Page 99, line 22 through page 100, line 1;

v.      Page 101, lines 2–19;

w.      Page 106, lines 8–9, 21–23;

x.      Page 107, lines 11–23;

y.      Page 108, lines 5–15;

z.      Page 114, lines 4–5;

aa.     Page 115, line 3;

bb.     Page 117, lines 17–20;

cc.     Page 118, lines 16–17;

dd.     Page 120, lines 11–12;

ee.     Page 121, lines 18–24;

ff.     Page 123, lines 24–25;

gg.     Page 125, lines 17–21;

hh.     Page 130, lines 6–7, 14–15;

ii.     Page 132, lines 11–13 and 21–22;

jj.     Page 133, lines 5–6;

kk.     Page 134, lines 5, 7, 14–15;

ll.     Page 137, line 16;

mm.    Page 138, line 14;

nn.     Page 139, lines 3–12;

oo.     Page 142, lines 13–14;

pp.     Page 143, line 22;

qq.     Page 146, lines 8–17;

rr.     Page 148, lines 8–13, 22;

ss.     Page 149, lines 3–4;

tt.     Page 152, lines 16–17;

uu.     Page 157, line 21 through page 158, line 3;

vv.     Page 163, lines 3–7;

ww.    Page 171, lines 3–4 and 23–25;

xx.     Page 172, lines 6–8, 12–13, 18;

yy.     Page 173, line 10;

zz.     Page 174, lines 17–19;

aaa.    Page 175, lines 8–14, 17–18;

bbb.    Page 178, line 4;

ccc.    Page 179, lines 16–17;

ddd.    Page 180, lines 6–7, 13–16, 19–20;

eee.    Page 184, lines 1–8;

fff.    Page 185, line 8;

ggg.    Page 197, lines 7–8;

hhh.    Page 198, lines 20–22;

iii.    Page 199, lines 1–5;

jjj.    Page 199, line 21 through page 200, line 1;

kkk.    Page 202, line 19 through page 203, line 1;

lll.    Page 204, line 1;

mmm.    Page 205, lines 13–24;

nnn.    Page 206, line 2;

ooo.    Page 209, lines 14–16;

ppp.    Page 211, lines 7–9;

qqq.    Page 212, lines 13–14;

rrr.    Page 214, line 23;

sss.    Page 215, lines 7–16, 21–22;

ttt.    Page 216, lines 8, 13–15;

uuu.    Page 217, lines 3–19;

vvv.    Page 218, lines 4–10, 16–17;

www.    Page 219, line 3;

xxx.     Page 220, lines 6–12;

yyy.     Page 221, lines 8, 12–15; and

zzz.     Page 232, lines 6–10, 18–20.

## IV.     CONCLUSION

23. **Trial Preparation.** In the event that Plaintiff intends to rely on the February 21, 2012 deposition in lieu of live testimony at the upcoming trial, either in video or in transcript format,

IT IS HEREBY ORDERED that Plaintiff shall undertake the required editing at his expense and deliver to the Court an edited deposition transcript, incorporating the rulings contained within this Memorandum Order, no later than **March 28, 2014 at 5:00 p.m.** for the Court's review prior to trial.

24. In the event that the parties redepose Mr. Wise in accordance with this Court's December 6, 2013 Order [181], for the purpose of said deposition to be used at the upcoming trial, counsel are to conduct that deposition in a manner consistent with the rulings contained within this Memorandum Order, specifically with respect to the rulings contained in ¶ 22, and in accordance with *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

*/s Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   March 7, 2014
cc/ecf:  All counsel of record