# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID D. WISE,<br><br>        Plaintiff,<br><br>    vs.<br><br>WASHINGTON COUNTY; CAPTAIN MICHAEL KING, *individually and in his capacity as a Washington County Corrections Officer*; C.O. MARK KELLY, *individually and in his capacity as a Washington County Corrections Officer*; VICTORIA GORONCY, *individually and in her capacity as a Washington County Corrections Nurse*; *and* LAVERNE ROSSI, *individually and in her capacity as a Washington County Corrections Nurse*;<br><br>        Defendants. | Civil Action No. 10-1677<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

**I.    INTRODUCTION**

This is a civil rights case, in which Plaintiff David D. Wise is suing the Washington County Correctional Facility (hereinafter "WCCF"), as well as four individual Defendants who are WCCF employees. (Docket No. 29). Plaintiff brings his claims under 42 U.S.C. § 1983, claiming that Defendants violated his Eighth Amendment right to be receive adequate medical care while he was incarcerated at the WCCF. (*Id.*). A jury trial is set to commence on April 7, 2014. (Docket No. 182).

Presently before the Court are two pending motions. First, on March 3, 2014, Plaintiff filed a Motion *in Limine* to Exclude any Reference at Trial to Plaintiff's Criminal Record (Docket No. 205), which the parties have fully briefed. (Docket Nos. 211; 220; 225). Second,

1

Defendants filed a Motion to Strike Plaintiff's Motion *in Limine* on March 10, 2014 (Docket No. 210), to which Plaintiff responded (Docket Nos. 214, 215). Upon the Court's consideration of these filings, and for the reasons set out below, Defendant's Motion to Strike (Docket No. 210) is denied, and Plaintiff's Motion *in Limine* (Docket No. 205) is granted, in part, and denied, in part.

**II.     DEFENDANTS' MOTION TO STRIKE [206]**

Initially, the Court considers Defendants' Motion to Strike Plaintiff's Motion *in Limine*, wherein Defendants assert that said Motion *in Limine* was filed without the certificate of conferral required by the Local Rules of Civil Procedure. (Docket No. 210 at 1). *See* LCvR 16.1.C.4; 37.1; 37.2 (eff. Feb. 2, 2013), *available at* http://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf. *See also Practices and Procedures of Judge Nora Barry Fischer*, § II.N (eff. Feb. 5, 2013), *available at* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf. In response, Plaintiff avers that counsel for Plaintiff met with counsel for Defendants on February 28, 2014—prior to filing the Motion *in Limine*—and conferred on the issues underlying said Motion. (Docket No. 215 at 1–2). Additionally, Plaintiff notes that the Motion references this meeting, stating: "Undersigned counsel conferred at the offices of counsel for the Defendants on February 28, 2014 regarding this motion to no avail." (*Id.* at 2, ¶ 5 (citing Docket No. 205 at ¶ 6)). Plaintiff additionally filed the appropriate Certificate of Conferral on March 10, 2014, explaining in his Response that counsel had overlooked the requirement to file said Certificate concurrent with his Motion *in Limine*. (*Id.* at ¶¶ 6–7).

The Court accepts the representations of Plaintiff's counsel and further recognizes that although the Motion *in Limine* Certificate was not properly filed as required by local rules, the underlying requirement—meeting and conferral—did occur, in person, "in an effort to resolve

2

[the parties'] disputes prior to filing such motion." *See Practices and Procedures of Judge Nora Barry Fischer*, § II.N. Accordingly, in light of same and given the discretion of this Court, Defendants' Motion to Strike, (Docket No. 210), is denied.

## III. PLAINTIFF'S MOTION *IN LIMINE* [205]

### A. Background

By way of background, Mr. Wise suffers from a long-standing seizure disorder. (Docket No. 180). In this lawsuit, he claims that Defendants violated his civil rights related to an alleged lack of or delayed medical care relating to seizures that he allegedly suffered while incarcerated at the WCCF. (Docket No. 29). In his Amended Complaint, Plaintiff includes several allegations that Defendants were aware of his seizure disorder. (*Id.* at ¶¶ 13, 21(a), 34, 35, 43(a)).

In fact, Mr. Wise was incarcerated following a conviction for vehicular manslaughter, stemming from an incident in which Mr. Wise seized while driving—having not taken his medication as prescribed—and killed passengers in another car. (Docket No. 155); *Commonwealth v. Wise*, CP-63-CR-0001211-2009 (Ct. Comm. Pl. Wash. Cnty.), http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-63-CR-0001211-2009. The accident occurred on September 13, 2006, *id.*, but it was not until April 23, 2010 that Mr. Wise entered a guilty plea under 75 Pa. Cons. Stat. Ann. § 3742.[1] *Id.*

During the pendency of the present civil rights case, the Court conducted multiple pretrial conferences. (Docket Nos. 144; 180). As part of these proceedings, Plaintiff had consented to the admission into evidence of various of his medical records, including records that referenced his

---

[1] The statutory provision to which Mr. Wise pled guilty imposes a sentence of at least one year imprisonment, in addition to a minimum $2,500 fine, in the event that the victim dies. 75 PA. CONS. STAT. ANN. §3742(b)(3).

seizure disorder as well as his conviction for vehicular homicide. (*See e.g.*, Joint Exhibit Binder, Ex. J-4 at 6).

In his Motion *in Limine*, Plaintiff now urges the Court, for the first time, to exclude his vehicular homicide conviction and the facts underlying said conviction, pursuant to Federal Rule of Evidence 403, in that he maintains that the prejudicial effect of such evidence outweighs any probative value. (Docket No. 205 at 2–3, ¶¶ 3–4; Docket No. 220). In Response, Defendants assert that Mr. Wise's conviction should be admitted because Mr. Wise's credibility is "crucial." (Docket No. 211 at 1, 4, ¶¶ 1–2, 16–17; Docket No. 225 at 2).

B.    **Legal Standard**

The Federal Rules of Evidence provide that "[a]ll relevant evidence is admissible, except as otherwise provided . . . . Evidence which is not relevant is not admissible." FED. R. EVID. 402. Rule 608(b), however, generally prevents the admissibility of specific instances of conduct for the purpose of attacking or supporting a witness's character. FED. R. EVID. 608. Rule 609, sets forth several exceptions to this general rule, permitting evidence of prior criminal convictions to be admitted for impeachment purposes.[2] FED. R. EVID. 609. Under Rule 609(a), evidence of a prior criminal conviction may be admitted "to attack[] a witness's character for truthfulness" in several circumstances. FED. R. EVID. 609(a)(1). If the witness was convicted of a crime that "was punishable by death or by imprisonment for more than one year," then the conviction "must be admitted, subject to Rule 403, in a civil case . . . ." FED. R. CIV. P. 609(a)(1)(A) (citing FED. R. EVID. 403).

---

[2] Rule 609 provides for different admissibility standards in the event that the prior conviction is over ten years old, has been pardoned or annulled, or was a juvenile adjudication. FED. R. EVID. 609(b)–(d). Those circumstances are inapplicable here.

The Court can exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. A trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence. *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (noting that "a trial judge's decision to admit or exclude evidence under Fed. R. Evid. 403 may not be reversed unless it is arbitrary and irrational"). As the Court of Appeals for the Third Circuit articulated in *United States v. Greenidge*, 495 F.3d 85 (2007), the district court must weigh the conviction's probative value against its prejudicial effect. *Id.* at 97. In so doing, the court should consider four factors: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness's testimony to the case; and (4) the importance of the credibility of the witness. *Id.*

C.  Discussion

Initially, the Court finds Mr. Wise's vehicular homicide conviction bears sufficient probative value, in light of the *Greenidge* factors, that the conviction should not be excluded in its entirety. To this end, when trial commences,[3] approximately four years will have passed since Mr. Wise's conviction, rendering his conviction relevant for impeachment purposes. *See Diaz v. Aberts*, Civ. No. 10-5939, 2013 WL 2322485, *8 (E.D. Pa. May 28, 2013) ("All of these convictions occurred within approximately the last four years, and that recency thus weighs in

---

[3] Trial was originally scheduled to commence on July 10, 2013. (Docket No. 111). Following a Pretrial Conference on June 26, 2013, (Docket No. 144), the Court rescheduled trial to commence on December 9, 2013, in light of the expected length of the trial and issues related to various witnesses. (Docket No. 145). *See also Wise v. Washington Cnty. et al.*, Civ. No. 10-1677, 2013 WL 5674460 (W.D. Pa. Oct. 17, 2013). Trial was again postponed due to Mr. Wise's continuing medical issues, particularly his hospitalization on the eve of trial, and jury selection is now set for April 7, 2014. (Docket No. 182).

5

favor of admission."). Similarly, Mr. Wise's testimony is important to establishing his claims, and his credibility is thus at issue. *Sharif v. Picone*, 740 F.3d 263, 273 (3d Cir. 2014). ("The final two *Greenidge* factors . . . overlap. Sharif's testimony was very important as he was his only witness, and for that very reason, his credibility was also crucial to his claim.). Finally, with respect to the remaining *Greenidge* factor—the kind of crime involved—the Plaintiff argues that the violent nature of Plaintiff's conviction is highly prejudicial, outweighing any probative value of same. (Docket No. 220 at 3–4). Plaintiff relies primarily upon the Third Circuit's ruling in *Sharif*. *Id*. However, in *Sharif*, the court explicitly stated that convictions for acts of violence are not *per se* excluded; rather, the district court should "be diligent in considering the nature of the conviction and its relationship to the issues at trial." *Sharif*, 740 F.3d at 273. Moreover, in *Sharif* the conviction at issue for aggravated assault "was for the *very incident* at the center of [plaintiff's] civil claim." *Id*. By contrast, the traffic accident underlying Mr. Wise's conviction is not at issue in his pending lawsuit, and so the risk of prejudice does not require exclusion. (Docket No. 29). Furthermore, the Court notes that the vehicular homicide conviction has probative value in that the underlying incident was apparently triggered by a seizure, which—to the extent that the Correction Officials were aware of same—may show that Defendants had knowledge of Mr. Wise's seizure disorder.[4] (*Id.*).

Although the *Greenidge* factors indicate that Mr. Wise's vehicular homicide conviction has probative value, the Court nevertheless agrees with Plaintiff's argument that he may face serious prejudice if the facts underlying his conviction are given too much consideration at trial.

---

[4] The Court notes that during the course of discovery, only one of the individual Defendants was deposed. Consequently, the Court does not know whether all of the individual Defendants were aware of the nature of Mr. Wise's conviction.

(Docket Nos. 205; 220). *See, e.g.*, *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987) ("All this is not to say that the opposing party may harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case. He may not.").

To this end, the Court finds the discussion in Magistrate Judge Martin C. Carlson's Memorandum Opinion and Order in *Hagan v. Goss* to be particularly persuasive. *Hagan v. Goss*, Civ. No. 10-883, 2013 WL 2338438 (M.D. Pa. May 29, 2013). Specifically, the Court agrees with Judge Carlson's analysis that "when confronted with a conviction which may be used under Rule 609 to impeach, but whose underlying qualities have an extremely high potential for prejudice, the trial judge may in the exercise of discretion, adopt a middle course." *Id.* at *4. A "middle course" is appropriate in this case, because, like in *Hagan*, Mr. Wise's status as a prisoner will be obvious. *Id.* at *3. Plaintiff has acknowledged same, noting: "the jury will already know that Plaintiff was convicted of some crime." (Docket No. 220 at 6).[5] Rather than have the jury guess as to the nature of his crime, the Court believes that the better approach is to inform the jury of the underlying conviction in a manner that balances Rule 403 considerations. *Hagan*, 2013 WL 2338438, at *3–4. Moreover, as noted, Plaintiff previously agreed to the admission of exhibits, as contained in the Joint Exhibit Binder submitted to the Court on December 9, 2013, which reference his conviction for vehicular homicide. (*See, e.g.*, Joint Exhibit Binder, Ex. J-4 at 6).

Accordingly, and in order to mitigate any potential prejudice, the Court will include a

---

[5] *See also Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) ("The mere fact of incarceration in a state correctional institution, however, is a significant tool for undermining the credibility of an inmate witness, and that incarceration will become known to the jury in this case, as happens in any Eighth Amendment action brought by a state inmate.").

question in *voir dire* that informs potential jurors that Mr. Wise was convicted of vehicular homicide and inquires as to whether this information would prevent that juror from rendering a fair and impartial verdict in this case. The Court will further instruct the jury, during the preliminary charge and its final instructions, that Mr. Wise was incarcerated at the WCCF following a conviction for vehicular homicide, and that although this felony conviction may be considered in assessing Mr. Wise's credibility, the jury shall put aside any negative feelings they may have as to the nature of his conviction in deciding this case. *See Sharif*, 740 F.3d at 274 ("In some situations, a limiting instruction . . . can minimize the prejudice."). Defendants will not be permitted to impeach Mr. Wise with any additional information concerning his conviction, unless Plaintiff opens the door to such evidence. *See, e.g.*, *Smith v. Holtz*, 30 F. Supp. 2d 468, 480 (M.D. Pa. 1998) (permitting defendants to introduce evidence of plaintiff's convictions for impeachment purposes, where plaintiff had "introduced evidence of the convictions to show that he was peculiarly vulnerable to accusations of murder"). Therefore, the Court notes that this ruling is without prejudice to Defendants' right to revisit the issue during the course of trial.

## IV. CONCLUSION / ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Strike Plaintiff's Motion *in Limine* [210] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion *in Limine* [205], is GRANTED, in part, and DENIED, in part. As explained above, the Court will inform the jury as to the fact of Mr. Wise's conviction for vehicular homicide, and will instruct that the nature of this conviction should not be considered in rendering a verdict. This ruling is without prejudice, and may be

8

revisited at trial in the event that Plaintiff opens the door to further examination regarding his underlying conviction for vehicular manslaughter.

IT IS FURTHER ORDERED that insofar as Plaintiff's Motion *in Limine* [205] is denied, in part, Defendants shall be permitted to make reference to Plaintiff's conviction for vehicular homicide in their opening statement. Further reference, if any, shall be determined based on the evidence presented at trial.

IT IS FURTHER ORDERED that the Court's prior Rulings and Orders shall remain in FULL FORCE AND EFFECT.

                                             */s Nora Barry Fischer*
                                             Nora Barry Fischer
                                             United States District Judge

Date: March 25, 2014
cc/ecf: All counsel of record