IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID D. WISE, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 10-1677 |
| | ) Judge Nora Barry Fischer |
| WASHINGTON COUNTY; *and* CAPTAIN MICHAEL KING, *individually and in his capacity as a Washington County Corrections Officer*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Currently pending before the Court is Defendants' unopposed "Motion that Kenneth Benson, Esquire Be Ordered to Issue a Report of His Participation as the Early Neutral Evaluator and His Opinions as to the Strength and Weaknesses of the Respective Cases and His Evaluation of the Value of the Case for Settlement Purposes on the Date of ENE." (Docket No. 275). On July 12, 2011, the parties participated in an Early Neutral Evaluation (ENE)[1] session before Judge Benson, who served as neutral. (Docket No. 30). The ENE Report was filed the following day, per his usual practice, indicating that the case had not been resolved. (*Id.*). Nearly three years later, arguments about these ENE proceedings arose in the context of Defendants' post-trial Motion and Supplemental Motion for Sanctions.[2] (Docket Nos. 248, 255). The Court heard argument on each of these Motions and on Defendants' Motion for ENE Report on June 9, 2014,

---

[1] This Court's ADR program website provides information about ENEs and other forms of dispute resolution. U.S. District Court, Western District of Pennsylvania, Alternative Dispute Resolution, https://www.pawd.uscourts.gov/Applications/pawd_adr/Pages/ADRInfo.cfm?Submit2=+ADR+Program+Information+.

[2] Defendants subsequently filed a Motion to withdraw these two Motions for Sanctions, which the Court granted on June 30, 2014. (Docket Nos. 282, 283). Defendants' Motion for ENE Report, however, remains pending.

1

at which time counsel for Plaintiff indicated no opposition to Defendants' Motion for ENE Report. (Docket Nos. 276, 278). With the consent of counsel, the Court met with Judge Benson on June 27, 2014, at which time Judge Benson confirmed that in his practice as a neutral, he requires that the contents of any ENE remain confidential. Judge Benson also provided, at the parties' and the Court's request, a copy of the form Alternative Dispute Resolution Agreement that was used in this case. However, per his practice, Judge Benson did not share the contents of the ENE session with this Court.

Early Neutral Evaluation proceedings are one facet of settlement discussions.[3] *See* U.S. District Court, Western District of Pennsylvania, Local Rules of Court, LCvR 16.1.C.2, (eff. Feb. 1, 2013), http://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf. Settlement discussions are confidential proceedings, as mandated by the United States Code as well as this Court's Local Rules. *See* 28 U.S.C. § 652 ("each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications."); U.S. District Court, Western District of Pennsylvania, ADR Policies & Procedures, Rule 6.A (eff. Feb. 1, 2012) https://www.pawd.uscourts.gov/Applications/pawd_adr/Documents/ADRPolicies.pdf, (stating that, with limited exception, all communications and conduct during the ADR process shall be treated as confidential by the parties, the neutral, and the Court). This confidentiality is further protected by Pennsylvania's mediation privilege. *See* 42 PA. CONS. STAT. Ann. § 5949 ("Disclosure of mediation communications and mediation documents may not be required or compelled through discovery or any other process. Mediation communications and mediation documents shall not be admissible as evidence in any action or proceeding, including, but not

---

[3] *See* "Early Neutral Evaluation in the Western District of Pennsylvania," http://www.pawd.uscourts.gov/Applications/pawd_adr/Documents/ENE_what_and_when.pdf.

limited to, a judicial, administrative or arbitration action or proceeding.").

As the neutral, Judge Benson is bound by Local ADR Rule 6.1 to maintain the confidentiality of the parties' ENE session. Moreover, the parties reached a contractual agreement with each other and with Judge Benson that the contents of their ENE session would not be disclosed. To this end, their agreement specifically provided:

> The parties recognize that mediation sessions are settlement negotiations and settlement negotiations are inadmissible in any litigation or arbitration of their dispute, to the extent allowed by law. The parties will not subpoena or otherwise require the mediator to testify or produce records, notes or work product in any future proceedings.

This Court finds that permitting discovery of the ENE proceedings would fly in the face of this contract, relevant statutes, our local ADR Rules, as well as the overwhelming case law on this issue. *See, e.g.*, *Taylor v. Prudential Ins. Co. of Am.*, 91 F. App'x 746, 747 (3d Cir. 2003) (affirming district court's conclusion "that the plaintiff should be bound by her agreement to keep the proceedings confidential. This contractual restriction was a bargained-for term that should be upheld because only private interests were involved."). Permitting the parties here to renege on their ENE agreement and encroach upon confidential settlement negotiations would not only violate clear legal authority, it would effectively turn this Court's ADR program on its head. *See E.E.O.C. v. U.S. Steel Corp.*, 877 F. Supp. 2d 278, 293 (W.D. Pa. 2012) (Fischer, J.) ("The Court is also cognizant of the time honored principle that settlement discussions generally remain confidential.").

For these reasons,

IT IS HEREBY ORDERED that Defendants' unopposed "Motion that Kenneth Benson, Esquire Be Ordered to Issue a Report of His Participation as the Early Neutral Evaluator and His

Opinions as to the Strength and Weaknesses of the Respective Cases and His Evaluation of the

Value of the Case for Settlement Purposes on the Date of ENE" (Docket No. [275]) is DENIED.

                                                      *s/Nora Barry Fischer*
                                                      Nora Barry Fischer
                                                      United States District Judge

Date:   July 11, 2014
cc/ecf:  All counsel of record